KATE G. HERRICK *et al. vs.* JOHN MARSHALL.

Androscoggin, 1876.—April 30, 1877.

*Easement.*

A., owning two adjacent lots of land, one of which was his house lot, conveyed the second lot, "with the restriction or reservation, that no building shall be hereafter erected on the above (second) lot within ten feet of the easterly line of A's house lot.

*Held* 1. Whether this can be regarded as a technically good reservation or not, that by a fair interpretation it creates or reserves a right in the nature of a servitude or easement for the benefit of A's house lot.

*Held* 2. This right is appurtenant to A's house lot and building, and binding on the second lot; and the right and burden thus created, will pass to the subsequent grantees of the respective lots.

*Held* 3. Where the parties had no actual knowledge of this right, and only constructive knowledge from the deeds and the registry, and the subsequent grantee of the second lot, erected a building within ten feet of A's former house lot, and when it was partially finished, this right came to their actual knowledge, the grantee of the first lot was not estopped from claiming the easement in the second lot; although he had seen the building erected without objection.

ON FACTS AGREED, stated in the opinion.

CASE to recover damages for the infringement of an easement.

*C. Record*, for the plaintiffs.

It was for the defendant to see to, it that he did not trespass upon others.

The plaintiffs, as soon as they ascertained their rights, notified the defendant, and forbade his further proceeding. This accidental delay on the part of the plaintiffs, is no evidence of abandonment of their rights. Wash. on Easements, c. 5, § 5, *et sequens*.

Every continuance of a nuisance is in contemplation of law a fresh nuisance. 8 Am. Law Reg. 382, citing *Coshocton Stone Co.* v. *Buffalo, N. Y. & Erie Railroad*.

*N. Morrill*, for the defendant, contended that the language in the deed from Murray to Smith, "with the restriction and reservation that no building shall hereafter be erected on the above lot within ten feet of the easterly line of said Murray's house lot," contains no apt words of reservation of an easement of light and air, because no name is mentioned for whose benefit the reservation is ; and that there are no words of limitation and inheritance; there is no language used creating an obligation on the part of the grantee to suffer Murray, the grantor, his heirs and assigns, to use it. 2 Wash. Real Prop. 646–7. *Hornbeck* v. *Westbrook*, 9 Johns. 73.

Again ; if there be any restriction or reservation, the plaintiffs should not recover, because the defendant purchased without notice or knowledge of it, and the defendant expended money in making additions to his buildings with the knowledge of the plaintiffs who stood by and permitted him to do so without objection,

until he had expended large sums ; and although the plaintiffs say they were ignorant of the language in the deed, by the registry they had constructive notice.

BARROWS, J. The plaintiffs claim damages for the obstruction of an easement for light and air over the defendant's lot, to which they say they are entitled by virtue of a clause contained in the deed given by Simeon H. Murray (from whom both parties derive their titles,) to one Smith whose title has come through several mesne conveyances to the defendant.

Prior to 1862, Murray owned both lots. He built and lived on the lot now owned by plaintiffs to whom he conveyed in March, 1873. In March, 1864, he conveyed the lot now owned by the defendant (which adjoins the plaintiffs' lot on the east side thereof,) to Smith, by a deed duly recorded and containing the following restriction, viz. : "with the restriction and reservation that no building hereafter erected on the above lot shall be erected within ten feet of the easterly line of the said Murray's house lot." This restriction was copied verbatim in Smith's deed to Patrick C. Shannon. Direct reference is made to those conveyances in Shannon's deed to Caleb Smith, and in the subsequent deeds, under which the defendant holds his lot the premises are spoken of as the same conveyed by one or other of the previous deeds all of which were duly and promptly recorded. It is agreed, however, that the defendant and his immediate grantor had no actual knowledge of the "restriction and reservation" aforesaid, nor had the plaintiffs such knowledge until June, 1875, when the defendant had erected and completed on the outside, an addition to his buildings within two feet of the plaintiffs' easterly line. As soon as the restriction came to the knowledge of the plaintiffs, they required the defendant to desist from the completion of his addition, and to remove it, which he refused to do and has ever since occupied it by himself or his tenants.

He grounds his resistance to the plaintiffs' claim on the following positions : 1. That the language quoted from the deed of Murray to Smith is insufficient to create a reservation, and for want of proper words of limitation or inheritance, if there was one, it cannot be enforced by Murray's grantees. 2. That plaintiffs are

estopped from asserting their claim by their knowledge that defendant was expending money in the erection of his addition, and their failure to object until it was nearly completed.

I. The objections to the sufficiency of the language used to sustain the right claimed by the plaintiffs, are, that no one is named in whose favor the reservation is made and that this is contrary to the rule that a reservation must be to him who made the deed and not to a stranger, and that there are no words of limitation and inheritance which would make it available to the grantor's heirs and assigns. Whatever the technical appellation should of right be, whether reservation, restriction, or exception, we think the language of Murray's deed imports the creation of a negative easement for his house lot now owned by the plaintiffs as a dominant estate over that granted and now owned by the defendant.

When this is done by means of language in a deed which must be held to convey distinctly to the grantee's mind the character of the act which he is to abstain from doing on the land granted, and to identify the lot to which his own is made servient, we do not understand that it is necessary either to name the person who is to be immediately benefited by the clause, or to insert words of limitation or inheritance in order to have his rights pass to his heirs or assigns.

In this respect the language does not differ materially from that used in *Dyer* v. *Sanford*, 9 Met. 395, cited for defendant. There, what is spoken of indiscriminately as a reservation or exception was created by a clause in a deed from a remote grantor of the plaintiff, to a party under whom the defendant derived his title, of the following tenor : "reserving however to the dwelling-house of said deceased, Christopher Tilden, the right of caves drops where it bounds on said lot, and also the right of forever keeping open the great stair case window," etc. Here, as there, the reservation was for the benefit of the grantor's house lot as a dominant estate, and words of limitation and inheritance are in such cases not necessary to enable the grantee of that estate with its appurtenances to maintain the right as against those into whose hands the servient estate may fall.

Touching this subject, Professor Washburn in his excellent trea-

tise on easements and servitudes remarks (page 30,) as follows : "In respect to whether the reservation is of a perpetual interest, like a fee in the easement reserved, the question seems to turn upon whether it is a personal right, an easement in gross, or one for the benefit of the principal estate and its enjoyment, whoever may be the owner. In the latter case it is held to be a permanent right appurtenant to the principal estate in the hands of successors and assigns without words of limitation. The courts of Maine treat such a reservation as an exception to obviate the objection." *Winthrop* v. *Fairbanks*, 41 Maine, 307, 312. *Smith* v. *Ladd*, 41 Maine, 314, 320. See also *Borst* v. *Empie*, 5 N. Y. 33. *Bowen* v. *Conner*, 6 Cush. 132.

In *Whitney* v. *Union Railway Co.*, 11 Gray, 359, 365, the court remark : "When therefore it appears by the fair interpretation of the words of a grant that it was the intent of the parties to create or reserve a right, in the nature of a servitude or easement in the property granted, for the benefit of other land owned by the grantor, and originally forming with the land conveyed one parcel, such right will be deemed appurtenant to the land of the grantor and binding on that conveyed to the grantee, and the right and burden thus created will respectively pass to and be binding on all subsequent grantees of the respective lots of land." The defendant had constructive notice, by the references from one to another in the chain of deeds which make his title, of the servitude with which his estate was burdened, and without regard to the question whether the clause in this deed relied on by the plaintiffs is or is not technically good as a reservation, we must hold him bound by it and restricted in the use of his lot for building purposes within ten feet of the easterly line of the plaintiffs' lot. See also *Mendell* v. *Delano*, 7 Met. 176. *Barrow* v. *Richard*, 8 Paige, 351. *Bronson* v. *Coffin*, 108 Mass. 175, 180.

II. Nor can the defense be sustained on the ground of estoppel. The plaintiffs did not sleep upon their rights. The case finds that they asserted them as soon as they knew they had the means of substantiating them, and that the defendant paid no heed to their claim. The plaintiffs might well be ignorant of what was included in the grant to them of "the appurtenances" to their lot. But

the defendant was bound to know their rights by the reference in his own deed to that of former grantors and those therein contained. His means of actual knowledge of the restriction were fully equal, to say the least, to those of the plaintiffs, and he can not complain of any laches on their part. The case does not indicate anything like license or abandonment on the part of the plaintiffs and it is plainly not within the principles of equitable estoppel by matter *in pais* which the defendant invokes.

According to the stipulation in the agreed statement, as the plaintiffs are entitled to recover, the entry must be

<i>Judgment for plaintiffs for $1.00 damage.</i>

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.