A. W. WEINREICH, Appellant, v. L. WEINREICH ET. AL., Respondents.

St. Louis Court of Appeals, June 9, 1885.

1. CONVEYANCES—CONDITIONS SUBSEQUENT.—A conveyance, upon condition expressed that, after the grantor's death, the grantee should pay another a certain sum, expresses a condition subsequent.

2. ———— CONDITION PRECEDENT.—That a condition in a deed operates as a restraint upon alienation and prevents the full beneficiary title from vesting in the grantee until its performance, does not necessarily render it a condition precedent.

3. ———— RIGHT OF ENTRY—CONDITION BROKEN—ACTIONS.—A right of entry, after condition broken, in the heirs of the grantee, does not exclude the right of action of the personal representative of the deceased grantor.

4. ———— CLOUD UPON TITLE—PARTIES TO ACTION.—In a suit by the grantee to remove the cloud upon the title cast by the conditions of the deed, the grantor's heirs are necessary parties defendant, in the absence of a personal representative of the deceased grantor.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Reversed and remanded.*

B. SCHNURMACHER, for the appellant. The words in the deed created a condition subsequent upon the performance of which the estate conveyed would be enlarged. For a failure to perform this condition during his life-time, the grantor, or after his death, his heirs, had a right to re-enter and declare a forfeiture. 1 Washburn *451; *Messersmith v. Messersmith*, 22 Mo. 369. Nothing appears upon the records to show, what plaintiff alleges to be a fact, that the condition was satisfied by a subsequent gift of other property to John Henry, and a settlement of the father's estate upon this basis. It requires extrinsic evidence to show this, and consequently there is a cloud upon the record title. *Clark v. Covenant Mutual Life Insurance Co.*, 52 Mo. 272.

KLEIN & FISSE, for the respondent.   A condition subsequent, if it has any effect, defeats an estate already vested.  2 Washburn *447; 4 Kent, Com. *125. Accordingly, as conditions subsequent are operative only to destroy or defeat estates, courts apply a very strict construction to them, and they seem to be held in much the same abhorrence as forfeitures.  4 Kent Com. (11th Ed.) *129 ; *Rawson v. Inhabitants of School District No. 5*, 7 Allen 125; *Labaree v. Carleton*, 53 Me. 211; *Emerson v. Simpson*, 43 N. H. 475, 477; *Southard v. Central R. R. Co.*, 26 N. J. L. 13 ; *Ludlow v. N. Y. & C. R. R.* 12 Barb. (N. Y.) 440, 442–4. The provision is in the nature of a mortgage, and the law is now clearly settled, that whatever be the form of the mortgage, it will be part of the personal estate of the mortgagee.  1 Williams on Executors (6th Am. Ed.) top p. 760, bottom p. 687.   We conclude, therefore, that the provision in question is not a condition but an implied covenant in favor of John Henry Weinreich, which upon his death passed to his personal representative. *Rouggley v. Teichmann*, 10 Mo. App. 257.

THOMPSON, J. delivered the opinion of the court.

The question for decision in this case is presented by a demurrer to the following petition :

Plaintiff respectfully shows to the court that he is the son of Andreas Weinreich, late of St. Louis county, deceased, who left two sons surviving him, to-wit, this plaintiff, and his brother, John Henry Weinreich, now also deceased.   That defendant, Lena Weinreich, is the widow of said John Henry Weinreich, and said defendants, Frederick G., Robert I., and Emma Catharine Nellie, are minor children of said John Henry Weinreich, deceased. And plaintiff further shows to the court that during the life-time of his father, to-wit : on the 25th day of April, 1851, he, the said Andreas Weinreich, father of plaintiff, made a conveyance of a certain farm to plaintiff, situated in the county of St. Louis, state of Missouri, and which is described as follows :

A certain tract or parcel of land being the west half

of the northwest quarter of section thirteen, township 43 north, range 6 east of the 5th principal meridian, and containing 80 acres.

That in the deed of conveyance, which is recorded in book D, No. 6, p. 276, of the recorder's office of the county (now city) of St. Louis, the considerations and conditions of said conveyance are stated to be as follows, to-wit:

"Subject, however, to, and in consideration of, the following conditions on the part of said A. W. Weinreich, viz. : the said A. W. Weinreich is to pay to his said parents the annual sum of fifty dollars, if demanded, during the life of the said Andreas Weinreich and D. E., his wife, and the life of the survivor of them, and that after the death of such survivor, the said A. W. Weinreich is to allow (in consideration of said property), the sum of fifteen hundred dollars to his brother, John Henry Weinreich, second son of said A. Weinreich and D. E., his wife, that is to say, so much less shall be taken by said A. W. Weinreich out of the family property, no deduction being made from said fifteen hundred dollars, on account of said annual payments of fifty dollars. And until all the provisions of this conveyance shall be complied with, and fulfilled, said A. W. Weinreich shall have no right to convey, dispose of, or encumber said premises."

And plaintiff states that at the time of the execution of said deed the property thereby conveyed was in the nature of an advancement to plaintiff, and that in order to indemnify or equalize his other son, the said John Henry, the above provision for the payment of fifteen hundred dollars to him was inserted in said deed, but plaintiff states that thereafter his said father by deed, dated May 2, 1865, recorded in said recorder's office in book 298, p. 458, conveyed to plaintiff's brother, John Henry, as an advancement or gift, certain other real estate of equal or even greater value, consisting of a house and lot in the city of St. Louis, described as follows:

A certain parcel or lot of ground lying in Julia C. Soulard's second addition to the city of St. Louis, ac-

cording to the plat thereof on file in the recorder's office of the county of St. Louis, beginning at a point in the western edge of Carondelet avenue, which is sixty feet southward of the northeastern corner of fractional block No. 57, in said addition ; thence eastwardly at right angles with said avenue and with the centre of the division wall between the fourth and fifth tenements (of a row of stone buildings, containing six tenements in said block, said tenements being numbered from north to south, progressing 140 feet to an alley twenty feet wide, thence southwardly with the eastern line of said alley 14 feet 9 inches, thence at right angles with said last course, eastwardly along and with the centre of the division wall between the fifth and sixth tenements of said row 140 feet to the western edge of said avenue, 14 feet 9 inches to the point of beginning.

Also, a certain lot of ground being in Julia C. Soulard's second addition to the city of St. Louis, together with the two and one-half story stone tenement thereon, in fractional block No. 57, bounded and described as follows, to-wit : Beginning at a point in the western line of Carondelet avenue, 74 feet 8 4-8 inches southwardly of the northeast corner of said fractional block No. 57, thence westward at right angles with said Carondelet avenue, with and through the division wall between the fifth and sixth tenements of the stone house on said fractional block (beginning with No. 1, as the northern of said houses on Lafayette street, counting thence southwardly progressively) 140 feet to the eastern line of an alley 20 feet wide, thence southwardly at right angles with said east line, following the eastern line of said alley 15 feet 9 7-8 inches, thence eastwardly at right angles with said alley and with the south edge of the south wall of the sixth and last tenement in said stone house, 140 feet to the western edge of Carondelet avenue, thence with said western edge of Carondelet avenue 15 feet 9 4-8 inches, to the point of beginning.

And plaintiff says that the above conveyance was intended by deceased as an equalization, an indemnity in favor of John Henry, as against the said previous con-

veyance to this plaintiff and was intended as a satisfaction in full of said stipulation for the payment of said fifteen hundred dollars to him by this plaintiff. And the said conveyance and gift to John Henry was by him received and accepted in satisfaction of any claim he might have against plaintiff for said fifteen hundred dollars, and when their father died in the year 1868, the estate was settled upon the basis of such equalization of advancements and this plaintiff and his said brother shared equally in the rest and residue of their father's estate. That afterwards in the year 1874, plaintiff's brother also died, leaving a widow and children, the defendants in this case, as aforesaid.

And plaintiff says that although the mutual rights of plaintiff and his said brother were adjusted and settled as aforesaid, and both parties remained in the undisputed possession of their respective estates ever since, and no adverse claims have ever been made thereto, yet the clause in the conveyance to him of the property first above described operated as a cloud upon the title to said property, for the reason that nothing appears of record in discharge of the conditions in said conveyance set out, and plaintiff has been hindered and obstructed in a sale of the premises recently made, and the purchaser declines to pay the purchase money until said matters have been judicially established, and said property discharged from all claims of said John Henry Weinreich, and his heirs and representatives, wherefore plaintiff prays the court to declare the title to said premises first above described to be forever discharged from such claims, and that the same was vested in this plaintiff free from all claims and demands of the said John Henry Weinreich and the present defendants, his widow and heirs as aforesaid, and as in duty bound will ever pray. And plaintiff further prays that the court may appoint a guardian *ad litem* for the infant defendants in this case.

The grounds of demurrer to this petition were the following:

1st. Because it appears upon the face of the pe-

tition that it does not state facts sufficient to constitute a cause of action against these defendants.

2nd. Because it appears on the face of said petition, that there is a defect of parties defendant, in that it appears that John Henry Weinreich is dead, and that the cause of action as stated in the petition exists only against his personal representative, and not against these defendants.

The court sustained this demurrer; the plaintiff declined to plead over; the court thereupon rendered final judgment for the defendant, and the plaintiff has appealed. The question for decision is, whether the petition states any cause of action at all against the widow and children of the late John Henry Weinreich.

The second ground of the demurrer is in form a demurrer for defect of parties, but it is in substance no more than the first ground. It alleges that the petition states a cause of action *only* against the personal representative of John Henry Weinreich, deceased, and not against these defendants; which is merely a re-statement of the first ground with an argument thrown in; because if B is the sole defendant in an action and the petition state a cause of action against C only, it necessarily does not state a cause of action against B.

The argument in favor of the demurrer is that the clause of the deed recited in the petition, that the grantee, this plaintiff, should, after the death of the grantor, pay to John Henry Weinreich, fifteen hundred dollars, is in the nature of a personal covenant which did not descend upon the death of John Henry Weinreich, to his heirs, but which went to his personal representative; which personal representative is accordingly the only person who is interested in enforcing the same, and is consequently the only party entitled to contest the question whether the same has been performed or discharged.

Although the condition in this deed operates as a restraint upon alienation, such as prevents the full beneficiary title to the land from vesting in the grantee until its performance, yet it seems to be rather in the nature of

a condition subsequent than otherwise. Courts are disinclined to construe conditions in deeds to be conditions precedent unless compelled to do so by the express language of the contract. *Front &c. R. Co. v. Butler*, 50 Cal. 574. And conditions of this class, for the support of, or payment of money to, the grantor or some other person or persons named, are generally construed to be conditions subsequent. *Hammond v. Hammond*, 55 Md. 575 ; *Jenkins v. Merritt*, 17 Fla. 304 ; *Wilson v. Wilson*, 86 Ind. 472. Courts are unfavorable to conditions in avoidance of an estate, and courts of equity frequently relieve against forfeitures produced by such conditions. A tendency is hence discovered to hold that clauses in deeds, similar to the above, are not conditions at all. *Platt v. Platt*, 42 Conn. 347 ; *Risley v. McNiece*, 71 Ind. 434 ; *Martin v. Martin*, 131 Mass. 547 ; see, also, *James v. R. R. Co.*, 14 W. Va. 514 ; *Parker v. Parker*, 123 Mass. 584. The language of this deed is so imperative that we must construe it as creating a condition, or else do violence to its terms. It says that the conveyance is made "subject, however, to, and in consideration of the following condition ; " and then, as if to make the intention of the parties to the deed still more explicit, the restraint upon alienation is subsequently imposed. We, therefore, hold that the language above quoted in this deed created a condition subsequent. The remedy at common law for the breach of a condition subsequent was an entry by the grantor or his heirs, or ejectment, if entry was resisted. In this case the condition was not to be performed during the life-time of the grantor, and, therefore, the right of entry, for a breach of it would accrue only to his heirs. The children of John Henry Weinreich are such heirs ; if the condition has been broken they have such a right of entry, to the extent at least of their undivided interest in the land, and a consequent right to maintain ejectment to recover possession. *Messersmith v. Messersmith*, 22 Mo. 369 ; Rev. Stat. sect. 2248 ; *Forder v. Davis*, 38 Mo. 107.

But it does not follow that an action of ejectment by the heirs of the grantor is the only remedy for a breach

of this condition. This condition is (among other things) for the payment of the sum of fifteen hundred dollars to John Henry Weinreich. While at common law this would not create any privity between the grantee in the deed and John Henry Weinreich or his personal representative, yet a tendency is discovered in modern adjudications to treat such a condition as raising a trust in favor of the beneficiary named therein. *Smith v. Jewett,* 40 N. H. 530; *Sherman v. Dodge,* 28 Vt. 26, though this doctrine does not seem to have yet obtained in Virginia. *Kellam v. Kellam,* 2 Pat. and H. 357. A similar change seems to have occurred in the civil law, where settlements in favor of third persons, which were at first binding only as between the parties, ultimately came to be viewed as trusts which the beneficiary might enforce in his own name, and for his own use and benefit. Pothier Obl., part I, chapter 11, sect. 1; Judge Harris' note to *Dumpor's case,* 1 Sm. L. C. 142. Our law has gone even further than this. It is well established in this state that a party, for whose benefit a stipulation in a simple contract is made, may maintain an action upon such stipulation in his own name. *Bank v. Benoist,* 10 Mo. 519; *Robbins v. Ayres,* 10 Mo. 538; *Meyer v. Lowell,* 44 Mo. 328; *Flanagan v. Hutchinson,* 47 Mo. 237. This rule was subsequently extended to covenants made for the benefit of third persons, and the old rule that no one but a covenantee can sue on such a covenant was distinctly repudiated. *Rogers v. Gosnell,* 51 Mo. 466. More recently the doctrine was laid down that where a grantee accepts a deed poll containing a statement that the land conveyed is subject to a mortgage which the grantee assumes and agrees to pay, a promise by the grantee for the benefit of the mortgageor is implied therefrom, and the grantee thereby becomes personally liable to the mortgagee for the mortgage debt. *Heim v. Vogel,* 69 Mo. 529; *Fitzgerald v. Barker,* 70 Mo. 685; *Klein v. Isaacs,* 8 Mo. App. 568. Applying this principle to the present case, it is obvious that the personal representative of John Henry Weinreich, if there be one, has a right of action against the grantee in this deed for the enforce-

ment of the covenant to pay the sum of fifteen hundred dollars to John Henry Weinreich, unless this covenant has been discharged. Such a right of action clearly exists unless there is something in the nature of the right of entry which subsists in the heirs of the grantor, which excludes this right of action in the personal representative of the beneficiary in the deed. There is nothing in the two remedies incompatible with each other. It has frequently been held that where a condition in a deed takes effect as a trust an entry may still be made at common law by the grantor, although equity will follow him up after he has entered, and enforce the trust. *Bowen v. Bowen*, 18 Conn. 535; *Downer v. Downer*, 9 Watts 60; *Wheeler v. Walker*, 2 Conn. 196, 201, 299. By parity of reasoning the right of entry existing in the heirs of the grantor does not in this case operate to exclude the direct right of action given by our law to the personal representative of John Henry Weinreich, if there be one. If there be such a personal representative, he is, therefore, interested in showing that this condition has not been discharged by matter subsequent, and is, therefore, a necessary party to this action.

But it does not follow from this that the demurrer was rightfully sustained, because it nowhere appears in the petition that there is a personal representative of John Henry Weinreich. On the contrary the petition states that John Henry Weinreich died in 1874, which was eight years before the bringing of this action; and, therefore, if there is room for any presumption as to whether there is a personal representative, the presumption would be that there is not; that the estate of John Henry Weinreich has been wound up and settled, and that the defendants, as the distributees of such estate, are the only representatives of whatever interest in the subject matter of the controversy would be represented by an executor or administrator, if there were one.

It follows that the children of John Henry Weinreich, in the character of heirs of the grantor in this deed, are necessary parties of this action. It does not

appear that there is a defect of parties by reason of not joining as defendant the personal representative of John Henry Weinreich, because it does not appear that there is such a personal representative. Moreover, for aught that appears, the widow and children of John Henry Weinreich are proper parties, as representatives of the beneficiary interest which John Henry Weinreich had in the condition of the deed. The demurrer was, therefore, improperly sustained. If it should hereafter appear that there is a personal representative of John Henry Weinreich, it would be necessary to a full determination of the controversy to make him a party defendant.

The judgment will be reversed and the cause remanded. It is so ordered. All the judges concur.