JOSEPH L. STILWELL, Respondent, v. ST. LOUIS AND HANNIBAL RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1890.

1. **Deed, Construction of:** CONDITION SUBSEQUENT. A deed will not be construed so as to create a condition subsequent, if such construction would be unreasonable and clearly against the evident intention of the parties, and the terms of the deed do not necessarily require such construction.

2. ———: ———. The use of the words "on condition," or words of a like import, will not necessarily create a conditional estate. And when a deed, conveying for a pecuniary consideration a right of way to a railway company, contains a condition that the railway company shall establish and maintain a reasonable passway and wagon road across its railroad, but there is nothing further in the deed which is indicative of an intention to make the compliance with such provision a condition subsequent to the grant, such provision may be construed as a part of the consideration for the deed and as the reservation of a mere easement right.

3. ———: EASEMENTS APPURTENANT TO ESTATE. The right to the maintenance of such wagon road after its establishment will pass to, and enure to the benefit of, subsequent purchasers of the dominant estate as an easement running with the land, though not mentioned in the conveyances to such purchasers.

4. **Easements:** ACTION FOR DAMAGES. If the railway company or its successor destroys such wagon road after the establishment of it, the owner, at the time, of the land to which it is appurtenant, has a right of action for damages against the wrong doer; and, after this right of action has once accrued, it will not be divested by a subsequent sale of the land.

*Per Rombauer, P. J., dissenting:*

1. **Deed, Construction of:** CONDITION SUBSEQUENT. The law does not favor conditions subsequent; but, when a deed provides in express terms that the conveyance is on the condition that the grantee shall erect a certain crossing, courts of law are bound to construe the deed as made upon the condition, and cannot construe the provision as establishing a mere easement right, even if the latter construction is much better calculated to subserve the purpose which the parties to the deed had in view.

2. **Easement:** ACTION FOR DAMAGES. When a wagon road, established over one tract of land for the benefit of and as an easement appurtenant to another, is destroyed by the owner of the servient estate, and the dominant estate is thereafter sold and conveyed, no presumption of law arises that the sale was made subject to the damages occasioned to the dominant estate by the destruction of the roadway, and that the right to such damages was reserved to the vendor.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED (*nisi*).

*Theodore G. Case, Joseph Tapley* and *James H. Orr,* for the appellant.

Conditions subsequent can only be reserved for the benefit of the grantor and his heirs, and no other person can take advantage of a breach of them, nor can the grantor or his heirs devise or convey them in any manner. Boone on Corporations, sec. 212; *Nicoll v. Railroad,* 12 N. Y. 131, 121; *Gray v. Blanchard,* 8 Pick. 284; *Cross v. Carson,* 8 Blackf. 138; *Hooper v. Cummings,* 45 Me. 359; *Jackson v. Topping,* 1 Wend. 338, 388; Co. Litt. 214 and 214 *a; Southard v. Railroad,* 2 Dutch, 21.

The breach of a condition subsequent can only be taken advantage of by the original grantor, John Ford, and the right to claim and enforce it did not pass, by the conveyance of the land, to Pennewell or Stilwell, and is not assignable to Pennewell or Stilwell. *Towle v. Rensem*, 70 N. Y. 303. The breach of the condition subsequent is not assignable, and a stranger cannot take advantage of it. *Underhill v. Railroad*, 20 Barb. 455; *Ruch v. Rock Island*, 97 U. S. 693; *Schulenberg v. Harriman*, 21 Wall. 44; *Dewey v. Williams*, 40 N. H. 222; *Fonda v. Sage*, 46 Barb. 109, 122; Sedgwick & Wait on Trial of Title, sec. 212; 2 Washburn on Real Property, p. 14.

*E. W. Major* and *Robinson & Farrell*, for the respondent.

BIGGS, J., delivered the opinion of the court.

The plaintiff instituted this action for damages against the defendant, and he claims to have been injured by the unlawful and wrongful act of the defendant in obstructing a passway or private road extending over the right of way of the defendant's railroad. The defendant's railroad passes over the farm of the plaintiff, and, at the time the plaintiff became the owner of this farm, there was an underground roadway extending across the right of way of the railroad, and connecting the main body of the farm with a smaller tract cut off by the railroad. The bed of the railroad was constructed through the farm by making a fill, and an opening was left in the embankment for a roadway. At the time the railroad was built, the farm was owned by one John Ford ; and the railroad was owned and constructed by the St. Louis, Hannibal and Keokuk Railroad Company. On the twenty-fourth day of December, 1874, Ford granted to the last-named railroad company the right of way for its railroad over this land for the

consideration of fifty dollars, and for the further consideration that the railroad company should erect and maintain a crossing for wagons under the railroad, where it passed through the farm. The plaintiff alleged that the St. Louis, Hannibal and Keokuk Railroad Company in constructing its road did provide and establish a roadway in accordance with its contract, and that this easement or roadway existed at the time the plaintiff became the purchaser of the farm, and that he used it until August, 1886, when the defendant unlawfully and wrongfully obstructed it by filling up the opening left in the embankment.

On the trial of the cause, the parties agreed that John Ford executed and delivered the deed referred to, and that the deed was filed for record in the county where the land is located within a few days after the date of its execution; that, on the twenty-sixth day of July, 1879, John Ford conveyed the farm to one John S. Pennewell; that, on the sixth day of November, 1880, Pennewell conveyed it to the plaintiff; that neither of the two last-mentioned deeds made any mention of the right of way conveyed by Ford to the railroad company, or the conditions on which it was granted; that on August 1, 1877, the St. Louis, Hannibal and Keokuk Railroad Company executed a mortgage on its property, including its right of way, and that, at a sale under this mortgage, one John J. Blair became the purchaser; and that on the sixteenth day of February, 1886, Blair sold and conveyed the railroad to defendant.

The plaintiff testified, in substance, that he bought the land from Pennewell in 1880, and that, at the time of the purchase, there was an opening in the embankment of the railroad, and that a roadway sufficient for the passage of wagons extended over the right of way and through this opening in the embankment, and connected the main body of his land with a small strip of a few acres on the opposite side of the railroad. He also testified that he continued to use this roadway until

August, 1886, when the defendant, in spite of his pro-
tests, permanently obstructed it by filling up the aper-
ture in the embankment ; that this road furnished the
only passway from his farm to the small strip of land,
so that the closing of it rendered the latter almost worth-
less ; that the obstruction of this road also damaged the
remainder of his farm by cutting it off from the water in
Peno creek. It also appeared that, subsequently to the
institution of this suit, the plaintiff sold and conveyed
the farm to one Mosely.

At the conclusion of the plaintiff's testimony, the
defendant asked the court to instruct the jury, that,
under the pleadings and the evidence, the plaintiff was
not entitled to recover. The court refused to give this
instruction, and the defendant at the time excepted, and
it assigns this ruling for error. The trial proceeded, and
the jury returned a verdict in favor of the plaintiff for
the sum of one hundred and fifty dollars, and the court
entered judgment accordingly.

The defendant assigns numerous errors, but all the
questions arising out of the record, and of which the
defendant complains, will necessarily arise and be dis-
posed of by us in the discussion of the defendant's
demurrer to the plaintiff's evidence. A further state-
ment of the case will, therefore, be unnecessary.

The theory of the defendant is, that the clause in
the deed from Ford to the St. Louis, Hannibal and
Keokuk Railroad Company, in which the company
agreed and contracted with Ford, as a part of the con-
sideration for the making of the deed, to establish and
maintain a roadway across the railroad so as to connect
the lands on either side thereof, must be construed as a
condition subsequent. If this view of the case is cor-
rect, then the judgment is all wrong, and must be set
aside.

On the other hand, the counsel for the plaintiff
insists that the clause in the deed must be construed

according to the evident intention of the parties; that its fair construction, when considered in the light of surrounding facts and circumstances, would engraft in the conveyance an exception or reservation of a roadway for the benefit of the dominant estate; that it was apparent that the easement provided for was to be permanent in its character, and ought not to be construed as a mere personal covenant with Ford, but rather as establishing a permanent roadway for the benefit of the main body of the land, and one which would pass as an appurtenance to the land itself. If this view of the case is correct, we can see no valid objection to the judgment.

We will dispose of the defendant's theory with the observation that courts are unfavorable to conditions in conveyances, by which forfeitures of estates are produced, and, if it is possible to avoid the construction of a deed, by which a condition, either precedent or subsequent, is brought about, the courts will do so, provided it can be done without doing violence to well known and established rules of construction. *Weinreich v. Weinreich*, 18 Mo. App. 364; *Railroad v. Butler*, 50 Cal. 574. If the plaintiff's construction of the deed in question is not permissible, then the defendant's view must prevail.

In the agreed statement of facts it was stipulated that the deed of Ford to the railroad company, in addition to the moneyed consideration of fifty dollars named, contained the following condition, to-wit: "That the railroad company should erect a good and substantial crossing under the said railroad track, so as to afford a reasonable passway and wagon road under said road from one to the other side thereof."

It is a well-established rule of construction that, if the intention of the parties as expressed in a deed or other instrument is doubtful or in any way ambiguous, evidence may be given concerning the subject-matter

and purpose of the grant, and the circumstances surrounding the parties, with the view of ascertaining the intention or meaning of the parties to the contract. But, on the other hand, it is equally well established that parol evidence cannot be received to prove that the parties intended something different from that which the words of the instrument clearly import. *Wolfe v. Dyer*, 95 Mo. 545. In the case at bar, if the conditional clause in the deed clearly and obviously created a condition subsequent, by which the right to the easement conveyed was made to depend upon the establishment and maintenance of the private roadway, then there would be no room for construction.

As before stated, conditions subsequent in conveyances of real estate are not favored by the law, and it has been held that apt and sufficient words must be used for the purpose of creating them. *Laberee v. Carleton*, 53 Me. 211.

The supreme court in the case of *Morrill v. Railroad*, 96 Mo. 174, stated the law as follows: "Again, conditions subsequent are not favored in law, and are construed strictly, because they tend to destroy estates. 4 Kent. Com. [10 Ed.] 150. When relied on to create a forfeiture, they must be created in express terms or by clear implication. 1 Wash. Real Prop. [3 Ed.] 469. Keeping these rules in view, we are of the opinion that this deed cannot be construed as upon a condition that the road shall be built for the entire charter route of the grantee. No such condition is created in express terms, nor does it appear by clear implication."

The usual and technical words, by which conditions subsequent are created, are "provided," "so as" or "on condition." But some of the authorities hold that such words, when used in private grants, are not sufficient, unless conjoined with others giving a right to re-enter, or declaring a forfeiture in a specified contingency. *Rawson v. Inhabitants of School District*, 7

Allen, 125. This, probably, is too broad a statement of the rule. However, we do think that the mere use of the words "on condition," or words of like import, are not sufficient within themselves to limit the estate. If such words are followed by a clause of absolute forfeiture, then there is no ground for controversy ; or, if it is obvious from the reading of other portions of the instrument, that the parties intended to attach a condition to the grant, then it would be improper for the courts to consider the nature and purposes of the conveyance with a view of arriving at the intention of the parties.

In the case at bar, we do not think it can be said that the language employed in the deed leaves no ground for doubt or controversy as to the character of the conveyance. It may very well be said, and without doing violence to the language of the writing, that a private crossing was reserved in the conveyance, and that the establishment of the roadway in the construction of the road, and its future maintenance, were intended as a part of the consideration of the grant. In support of *this* construction we can invoke the nature and purpose of the deed, and the circumstances surrounding the parties at the time of the conveyance. The purpose of the railroad company was to secure the right of way for its road over Ford's land ; the latter was willing to grant this right, provided a private road across the right of way was reserved, and arrangements made for its future maintenance. It is quite evident that neither party intended or expected to make the title to the easement granted depend upon the maintenance of the private road. Such a contract would have been against the interests of the company ; and its enforcement, in case of violation, would by no means have restored to Ford his property in its original condition. The construction contended for by the defendant is unreasonable and clearly against the evident intention of both parties, and, as the deed by its terms does not necessarily create

a conditional estate, and as it does not so appear by clear implication, we are of the opinion that no such estate was created.

Our conclusion is that Ford, in the conveyance of the right of way to the railroad company, excepted therefrom the private road in controversy, and that the company, as a part of the consideration, agreed to provide for and maintain it. Treating, as we do, the future establishment of the road as a part of the consideration of the deed, it cannot be claimed that this rendered the grant conditional for the reason that the conveyance is supported by other valuable considerations. The general rule is that the failure of the consideration of a deed to land, "or the non-fulfilment of the purpose for which a conveyance by deed is made, will not of itself defeat an estate." *Laberee v. Carleton*, 53 Me. 211.

It is quite clear that this easement was reserved for the benefit and enjoyment of the dominant estate, regardless of its ownership, and that the easement thus created must be regarded as an appurtenance to the dominant estate. Washburn on Easements [4 Ed.] 35; *Brown v. Thissell*, 6 Cush. 254; *Herrick v. Marshall*, 66 Me. 435. The easement was an apparent servitude for the benefit of Ford's land, and it passed by the deeds from Ford to Pennewell, and from Pennewell to the plaintiff, as an appurtenance to the land conveyed, and it was not necessary that it should be mentioned in the conveyances. *Bruning v. New Orleans Canal and Banking Co.*, 12 La. Ann. 541; *French v. Morris*, 101 Mass. 68; Washburn on Easements [4 Ed.] 35; *Brown v. Thissell*, 6 Cush. 254; *Karmuller v. Krotz*, 18 Iowa, 352. It follows that the plaintiff, at the time of the obstruction of the private roadway by the defendant, was its owner. It was a valuable appurtenance to his land, and its destruction necessarily resulted in damage to his property; and there is no principle of law, with which we are acquainted, which would relieve the

defendant from the consequences of its wrongful act. The defendant became the purchaser of the servient estate with *constructive* and *actual notice* of the existence of the easement, and, on every principle of justice, it ought to pay the plaintiff for its destruction.

The sale of the land by plaintiff to Mosely, after the institution of this suit, could not take away the right to continue its prosecution. The obstruction was permanent and complete, and the entire damage was suffered by the plaintiff. It will be presumed that, in the sale to Mosely, the damage to the land, arising from the destruction of the roadway, was deducted in arriving at the contract price of sale. *McFadden v. Johnson*, 72 Pa. St. 335; *Schuylkill and Susquehanna Navigation v. Decker*, 2 Watts (Pa.) 343; *Pomeroy v. Railroad*, 25 Wis. 641.

We think, however, that the amount of damage assessed is unwarranted by the evidence. The court instructed the jury, and, we think, correctly, that the measure of the plaintiff's damage was a sum equal to the depreciation in value of the five acres of land described in plaintiff's petition, occasioned by closing up the crossing This instruction and the pleadings confined the damage to this particular tract. The right of way of the railroad consumed about one acre. The plaintiff testified that the remaining four acres were worth fifty dollars per acre. After the obstruction of the crossing, he sold the land to Mosely for twenty-two dollars and sixty cents per acre. This would make a total loss, on the four acres, of one hundred and nine dollars and sixty cents. The judgment was for one hundred and fifty dollars, which was, in any view of the evidence, excessive. If the plaintiff will, within ten days, remit the sum of forty dollars and forty cents, the judgment will be affirmed; otherwise, it will be reversed, and the case remanded. Judge THOMPSON concurs in this opinion. Judge ROMBAUER dissents.

ROMBAUER, P. J., delivered the following dissenting opinion:

I can discover no theory in accord with the recognized rules of law, on which the reasoning or result of the opinion of the court can be supported. The plaintiff's petition states in so many words that the conveyance of the right of way by Ford to the railroad company was made "on the condition in said deed expressed that said railroad company should erect a good and substantial crossing under its said railroad track." The agreed statement of facts recites that the deed conveying said right of way "contained the condition set forth in plaintiff's petition," and that is all that is before this court, or that was before the trial court, having any bearing on the clause in the deed, as the deed itself was not offered in evidence.

The case, therefore, presents this view. The plaintiff sues for the violation of a condition in a deed, which, if a condition at all, is necessarily a condition subsequent; but, notwithstanding the fact that he avers it as a condition, and proves it as a condition, the court decides that it is no condition. The ground of this decision seems to be that, if it were a condition, the plaintiff could not recover, and the supposed equities of the case seem to demand that he should recover. I cannot give my sanction to such reasoning.

That conditions subsequent are not favored in the law, because their violation works forfeitures, and forfeitures are not favored, no one disputes; but, if any case has gone to the extent of deciding that the courts will disregard a condition, provided for in express terms as a condition, simply because under "surrounding circumstances" a condition was not the wisest thing for the parties to agree upon, the opinion certainly fails to cite it. Such a decision would be subversive of the fundamental rule, that the courts cannot make contacts for the parties which they have not seen fit to make for

themselves, nor can the courts relieve them from their folly, however great, in entering into improvident contracts.

*Rawson v. Inhabitants of School District,* 7 Allen, 125, is referred to in the opinion as deciding that the words "on condition," in a private grant are not sufficient to work a condition subsequent, unless conjoined with other words giving a right of re-entry. What that case decided is this: The deed granted a piece of land *for a burying place forever* in consideration of love and affection and divers other valuable considerations. The plaintiffs claimed that the words "*for a burying place forever*" were words of strict condition. The court decided that the words used were as consistent with the intent by the grantor to repose a trust and confidence in the inhabitants of the town, as with the intent to impose on them a condition which would compel them, on pain of forfeiture, to maintain the premises as a burial place for all time. "*Language so equivocal,*" says BIGELOW, C. J., in deciding the case, "cannot be construed as a condition subsequent without disregarding that cardinal principle of real property already referred to, that conditions subsequent which defeat an estate are not to be favored or raised by *inference or implication.*" It is in the same case that the same judge uses language credited in the opinion of the court to *Laberee v. Carleton,* 53 Me. 211, after having said: "In the deed on which the present controversy arises, there are, strictly speaking, *no words of condition,* such as, of themselves, import the creation of a conditional estate."

In *Hubbard v. Railroad,* 63 Mo. 70, the following words in a deed conveying a right of way, "Depot to be located on the northwest quarter of 26 or southwest quarter of 23," without any provisions for re-entry, were held to be words creating a condition subsequent. That case furnishes a complete refutation to the argument

used in the opinion, which seeks to demonstrate that the words used in the deed under review created no condition subsequent, although the word condition is used.

How the court arrived at the conclusion that, either the plaintiff's or the defendant's construction of the deed must prevail, is not quite clear to me. If a deed (in the absence of fraud or mutual mistake clearly established) can be read in another way than it is written, I see no reason why one reading should prevail over another. If the clause is not a condition, as it says it is, then it might mean either consideration, reservation, exceptions or anything else, or be rejected altogether.

Nor can I see on what principle we are bound to presume that, in the sale by plaintiff to Mosely, the damage to the land arising from the destruction of the roadway was deducted from the contract price of sale. The plaintiff and Mosely, his vendee, both testify, but neither of them makes mention of the fact. The proposition was not submitted to the jury in any form, and we cannot presume that they found the fact. We have condemned verdicts based on mere conjecture, when rendered by juries, and certainly should not construct such verdicts ourselves, as the opinion of the court undertakes to do.

I think that from whatever standpoint the case is viewed, the result is inevitable that, under the pleadings and evidence, the plaintiff could not recover.