SALLIE A. STOUTIMORE, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD CO., Appellant.

In the Kansas City Court of Appeals, November 5, 1923.

1. **EASEMENTS: Covenants: Deeds: Agreement to Construct Crossing for Use and Convenience of Grantors, Held Covenant Running with the Land.** A clause in a deed whereby a railroad agreed to construct an undergrade crossing "for the use and convenience of grantors," *held* a covenant running with the land, even though the same did not include the word "heirs."

2. **DEEDS: Construction: Forfeiture: Courts are not Favorable to Forfeiture of Estates.** Courts are not favorable to conditions in conveyances by which forfeitures of estates are produced, and if possible will avoid the construction of a deed by which a condition, either precedent or subsequent, is brought about, which may work a forfeiture, provided it can be done without violating the established rules of construction.

3. **EASEMENT: Condition Precedent: Agreement by Railroad to Construct Undergrade Crossing Held to Create Easement Which Passed with the Land.** A clause in a deed whereby a railroad agreed to construct an undergrade crossing "for the use and convenience of grantors," *held* the intent thereof was to establish a condition precedent by which an easement was created, which passed with the land, and it was not necessary that it be mentioned in any of the subsequent conveyances of either the dominant estate or the right of way.

4. ————: **Injunction: Owner of Farm Held Entitled to Injunction against Obstruction by Railroad of Undergrade Crossing in Which He Had an Easement.** Where the owner of a farm, separated into two segments by railroad right of way, had easement in undergrade crossing which was reserved in conveyance to railroad of the right of way, and where obstruction of such crossing would prevent passing of hogs and small calves from one segment of the farm to the other, he was entitled to an injunction preventing the obstruction, since he had no adequate remedy at law.

Appeal from Circuit Court of Clinton County.—*Hon. A. M. Tibbels*, Judge.

AFFIRMED.

*Daniel H. Frost* for respondent.

*J. G. Trimble* and *W. S. Herndon* for appellant.

ARNOLD, J.—This is a suit in equity wherein an injunction was sought to prevent defendant from filling up, closing, or obstructing a certain underground crossing for stock connecting two segments of a farm owned by plaintiff and, further, to require defendant to remove such obstructions as already have been placed therein by defendant. The facts are as follows:

In 1897, the Kansas City & Northern Connecting Railway Company constructed a line of railway through Clinton County, Missouri, and over the lands of one Thomas Stanton, the right of way cutting an eighty-acre tract owned by him into two parcels. On January 1, 1897, the said railroad company executed a first mortgage on all property it then owned or to be thereafter acquired. On March 25, 1897, Thomas Stanton and wife, in consideration of $450 cash, conveyed by warranty deed a right of way one hundred feet in width across said lands. The following clause appeared in said deed: "The grantee herein shall construct on the land conveyed an undergrade crossing of its railroad for hogs and small calves for the use and convenience of the grantors." The railroad company constructed its railroad upon the right of way so purchased from Stanton, and pursuant to the above quoted clause in the deed, constructed, at a small draw, a bulkhead trestle about twelve feet in length and five to six feet in height. Wing fences were built from the right of way fences to a connection with the trestle so that stock might use the undercrossing.

On May 20, 1901, the U. S. Circuit Court for the Western District of Missouri entered a decree on a judg-

ment foreclosing the mortgage executed by the Kansas City & Northern Connecting Railroad Company on January 1, 1897, under the terms of which decree all of the property of said railroad covered by said mortgage was transferred to the Kansas City, Peoria & Chicago Railway Co., and on July 1, 1902, the last named company conveyed it to defendant herein.

On March 17, 1920, the heirs of Thomas Stanton conveyed the eighty acres of land in question to plaintiff herein, consisting of ''the North half of Northeast quarter, section 13, Township 56, Range 32, less the right of way of the Quincy, Omaha & Kansas City Railroad Company crossing the land.'' Plaintiff herein thus became the owner of the eighty acres above described, and which was divided into two parcels, as above indicated. The segment thus separated from the main body of land consisted of approximately thirteen acres.

Some years before the institution of this suit and while Thomas Stanton still owned the land, the wing fences above described were removed and other fences constructed along the right of way, thus preventing access of stock to the crossing. On December 13, 1921, twenty-one months after plaintiff acquired title to the land, defendant put into the draw under the trestle a tile about four feet in diameter, and filled the opening around the tile with dirt so that no stock could pass under the trestle, and almost completely, though not quite, filling the space. On December 15, 1921, before the space was entirely filled and the timbers removed, plaintiff began this action for a preventive and mandatory injunction. Upon the service of summons defendant ceased to proceed with its destruction of the crossing.

The petition states the facts practically as given above, plaintiff declares herself without adequate remedy at law, and prays a perpetual injunction as above indicated. The answer denies that plaintiff is entitled to the permanent injunction for the reasons (1) that defendant is not bound by the agreement between Stan-

ton and the Kansas City & Northern Connecting Railroad Company in regard to the passageway, (2) that plaintiff had not become entitled to the enforcement of such agreement; (3) that defendant had filled and closed the passway prior to the filing of the petition herein and service of summons, and (4) that plaintiff has an adequate remedy at law.

The case was tried October 2, 1922, and on December 12, 1922, the court entered a decree in plaintiff's favor. perpetually enjoining defendant from continuing the obstruction of said crossing and directing the removal of all dirt and other material operating as an obstruction of said crossing for the passage of hogs and small calves. During the progress of the trial and at the close of plaintiff's evidence, defendant declined to introduce any evidence. Whereupon counsel for defendant sought a declaration of law in the nature of a demurrer to the evidence, which was by the court refused. Defendant appeals to this court.

The errors charged are, (1) that the court should have found for defendant and dismissed plaintiff's bill; and (2) that no mandatory injunction should have been issued.

In support of its contention, defendant urges that the clause in the deed whereby defendant agreed to construct an undergrade crossing "for the use and convenience of grantors," limits the obligation of the grantee and the use of the crossing to the grantors, for the reason that the clause does not include the word "heirs," and that the heirs of Stanton, the grantor, took no rights under said clause, and therefore could convey none to plaintiff. If defendant is right in this contention, of course this appeal is terminated thereby.

It is plaintiff's contention on this point that this clause in the deed was as much a part of the consideration as the cash payment of $450, and therefore a covenant running with the land. We accept this theory of the case. True, as argued by defendant, the deed from

Stanton to the Kansas City & Northern Connecting Railway Company does not convey the fee to the entire eighty acres of land to the latter, but it must be admitted that it does convey the fee to the right of way one hundred feet in width. We accept plaintiff's view that the grantee in said deed, and as part of the consideration therefor, did agree to construct and maintain the undergrade crossing, as described therein, perpetually, and that this is a covenant running with the land.

It is further urged by appellant that as defendant took its title to the right of way in question through the Kansas City, Peoria & Chicago Railroad Company and the latter by purchase at the foreclosure sale under the mortgage executed by the Kansas City & Northern Connecting Railway Company on January 1, 1897, and that as the said mortgage was executed prior to the conveyance from Stanton to the Kansas City & Northern Connecting Railroad Company, the deed from the Kansas City & Northern Connecting railroad did not impose that undertaking on defendant as grantee in said deed.

We cannot accept this position as sound. It might be otherwise had the foreclosure preceded the execution of the deed to the right of way from Stanton to the Kansas City & Northern Connecting railroad. We have almost a counterpart of the case at bar in Stilwell v. Railroad, 39 Mo. App. 221. The distinction between the two is that the Stilwell case was an action at law sounding in damages, while the case at bar is an equity case seeking an injunction. In the Stilwell case the point of contention was that an easement for a roadway was reserved as was the under passage way for stock herein. The court in the Stilwell case fully discussed, in a majority opinion, all the questions involved herein, saying (l. c. 225, et seq.):

"The theory of the defendant is, that the clause in the deed from Ford to the St. Louis, Hannibal and Keokuk Railroad Company, in which the company agreed and contracted with Ford, as a part of the consideration for

the making of the deed, to establish and maintain a road-
way across the railroad so as to connect the lands on
either side thereof, must be construed as a condition sub-
sequent. If this view of the case is correct, then the
judgment is all wrong, and must be set aside.

"On the other hand, the counsel for the plaintiff in-
sists that the clause in the deed must be construed ac-
cording to the evident intention of the parties; that its
fair construction, when considered in the light of sur-
rounding facts and circumstances, would engraft in the
conveyance an exception or reservation of a roadway
for the benefit of the dominant estate; that it was ap-
parent that the easement provided for was to be per-
manent in character, and ought not to be construed as
a mere personal covenant with Ford, but rather as es-
tablishing a permanent roadway for the benefit of the
main body of the land, and one which would pass as an
appurtenance to the land itself. If this view of the case
is correct, we can see no valid objection to the judgment."

Courts are not favorable to conditions in conveyances
by which forfeitures of estates are produced, and if pos-
sible, will avoid the construction of a deed by which a
condition, either precedent or subsequent, is brought
about which may work a forfeiture, provided it can be
done without violating the established rules of construc-
tion. [Weinreich v. Weinreich, 18 Mo. App. 364.] It
is admitted that the deed from Stanton to the Kansas
City & Northern Connecting Railroad Company, aside
from the money consideration, contained the condition
of the construction by the latter of the undergrade cross-
ing, above referred to. We think the intent of this clause
is plain, to the effect that it established a condition pre-
cedent by which an easement was created. We hold that
an underpassage for hogs and small calves was reserved
in the conveyance, and that the establishment of it was
intended as a part consideration of the grant.

In support of this view, we may invoke the nature
and intendment of the deed and the surrounding cir-

cumstances at the time of the conveyance. The purpose of the railroad company was to secure the right of way over Stanton's land, which Stanton was willing to grant, provided an underway was reserved across the right of way and arrangements made for its future maintenance. It is our conclusion, therefore, that the conveyance of the right of way to the railroad company, excepted therefrom the underpassage in controversy, and that the company, as part consideration, agreed to provide for and maintain it.

The easement was an apparent servitude for the benefit of Stanton's land, and it passed by inheritance to Stanton's heirs and from these heirs to plaintiff, as an appurtenance to the land conveyed, and it was not necessary that it be mentioned in any of the subsequent conveyances of either the dominant estate or the right of way. We hold that defendant became the purchaser of the servient estate, with both constructive and actual notice of the existence of the easement, and therefore may not be permitted to obstruct the passage permanently. [Wilson v. Beckwith, 117 Mo. 61, and cases therein cited.] Counsel for defendant ably argue the merits of the case from various angles, but our conclusions above expressed are inevitable.

The only remaining question for our consideration is defendant's point that injunction is not the proper remedy, inasmuch as plaintiff has an adequate remedy at law. In the Stilwell case, supra, the closing of the road from one segment of the farm to the other rendered the practical use of the lesser segment impossible, while in the case at bar there is no testimony showing the inability of the owner to pass from the main farm to the lesser segment; but the testimony does show that the passing of hogs and small calves from one segment of the farm to the other would be completely barred with a complete filling of the passageway. Testimony introduced tends to show that the obstruction of the passage

was not entirely complete, and that hogs still might crawl through the unclosed portion thereof.

Now the value of this right of passage for hogs and small calves to the dominant estate would seem to be impossible of determination, depending, as it does, on so many contingencies. Plaintiff's position in this respect is that she is not seeking damages, but her rights under the terms of the deed to Stanton. The case is analogous to a suit for specific performance, which is founded in equity. The law being inadequate to determine the question here involved, equity must step in and solve the problem. We think injunction is the proper remedy, and in this conclusion we are following the rulings of our Supreme Court in State ex rel. Titus v. Wabash Railroad, 206 Mo. 251, 103 S. W. 1157, and Ettenson v. Railroad, 248 Mo. 395.

Defendant further urges that injunction will not lie to prevent an act already done, and that when the bill was filed, the closing of the passageway was, in fact, accomplished. The testimony does not support this conclusion. As above stated, the testimony tends to show that the complete obstruction of the passage was not yet accomplished when plaintiff's bill was filed, and that there was yet something to be done to complete it. We, therefore, rule against defendant's contention on this point. For plaintiff, there was no choice between remedies. The judgment is affirmed.

*Bland, J.,* concurs; *Trimble, P. J.,* not sitting.