STRAUSS CONSTRUCTION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RELATOR, v. BOARD OF TENEMENT HOUSE SUPERVISION OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the relator, *Schumann & Schumann.*

For the respondent, *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

The relator is the owner in fee-simple of a tract of land, situated in Jersey City, with a frontage on Sherman Place of ninety-eight feet ten inches, together with certain rights, powers and privileges in and over two strips of land, one eight feet in width, lying along and contiguous to the westerly line of said tract, and the other twenty feet in width, lying along and contiguous to the easterly line of said tract, and is desirous of erecting upon said tract a five-story brick apartment house, using said eight-foot and twenty-foot strips of land for the purposes of court yards to the main building. For this purpose the relator applied to the board of tenement house supervision of the State of New Jersey, for a permit for the erection of said proposed building. The application for the permit was denied on the ground that such use of said eight and twenty-foot strips of land for such purposes was in violation of the law; and the application presented to the court at this time is for a peremptory writ of *mandamus* directing the board of tenement house supervision and commanding and enjoining it to issue the necessary permit as requested by the relator.

It will be observed that the relator's title to the lots last described is based entirely upon easements which it claims in and over the same premises. The easement in the eight-foot strip along the westerly side of relator's plot was founded in an express grant. The legal rights of the relator in the

twenty-foot strip of land arise in virtue of the fact that the
relator's predecessor in title, one John Mehl, Jr., while hold-
ing title to the plot now owned by the relator, as well as
the plot to the east of said premises, conveyed the easterly
plot to one Linus V. Schaefer by deed containing a clause
which provided that neither the grantee, Schaefer, nor his
heirs, personal representatives or assigns, will erect or per-
mit to be erected on the premises any building within twenty
feet of the rear line (being the easterly line of the relator's
plot), but shall keep such strip of land open and unoccupied,
except that light, open fences, not more than six feet in height,
may be built to enclose the said strip as a courtyard.

John Mehl, Jr., subsequently conveyed the plot of which
the relator is now the owner, the deed including all the
rights reserved by the deed made to Schaefer in and over the
twenty-foot strip.

In this situation the relator submitted for approval to the
board of tenement house supervision, plans for the erection
of a five-story apartment house, which plans were disapproved
by the board because of a lack of necessary courts on the sides
of the building.

The relator's claim is that he has the legal right to use
the eight-foot and twenty-foot strips as or in lieu of court-
yards. Whether or not he has such right is a debatable
question and should be presented for consideration and settled
before the right of the relator can be considered sufficiently
clear to warrant the grant of a writ of *mandamus,* which is
never granted excepting where the question presented is free
from doubt. *State .v. Newark,* 35 *N. J. L.* 396; *Secaucus* v.
*Kiesewetter,* 83 *N. J. L.* 227; *High Extr. Rem.* 12.

For instance, it has been held that where the owner of two
lots conveyed one of them with the restriction that no build-
ing should be erected thereon within a certain distance of
the other lot, such reservation creates an easement in the lot
granted for the benefit of the second lot. *Herrick* v. *Mar-
shall,* 66 *Me.* 435; 19 *C. J.* 911.

And so it has been held that the right to the enjoyment of
the easement will pass as appurtenant to the lot in respect
to which it was created. *Coudert* v. *Sayre,* 46 *N. J. Eq.* 386.

The factual situation thus presented it is manifest creates a legal question as to the validity of the relator's rights for the purposes in question, as related to the Tenement House law. The board of tenement house supervision in this instance examined the plans and specifications submitted and refused to approve the same, giving the relator the reason therefor which was that the plans did not show sufficient courts, as required by the Tenement House act. The Tenement House act (4 *Comp. Stat.*, p. 5323) defines with sufficient particularity the meaning of a court in connection with construction of a tenement house building, and the respondent in this instance has attempted to follow that definition by refusing to approve the plans and specifications submitted.

The object of a writ of *mandamus* under such circumstances would be to compel the board, in the face of its investigation and conclusion, to issue the permit applied for by the relator, and as we have already observed, the relator's right to the issuance of the permit under the circumstances presented by the case is not sufficiently clear to warrant the granting of the application. For this reason the application for the writ will be dismissed.