HENRY WILLIAMS, PLAINTIFF IN ERROR, v. JOHN L. JONES AND WILLIAM WISE, DEFENDANTS IN ERROR.

Where an action of ejectment was tried in the Circuit Court, and the plaintiff in error here (the plaintiff below) relies upon an abstract of the record to reverse the ruling of the trial judge admitting in evidence a tax deed offered by the defendant below, to the admission of which it was objected that it did not describe the State and county in which the property was situated with sufficient particularity, and the abstract recites that the tax deed was in "due form," but does not set out the tax deed in full, such abstract does not contain a sufficient statement of the evidence to show the propriety or impropriety of the action of the court below in admitting the tax deed in evidence, and the presumption prevails that the trial judge rules correctly.

This case was decided by Division B.

Writ of error to the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the Court.

*Forrester & Burton,* for Plaintiff in Error.

*Treadwell & Treadwell,* for Defendants in Error.

PER CURIAM. An action of ejectment was brought by plaintiff in error in the Circuit Court of DeSoto county on the 18th of October, 1904, against defendants in error to recover Block 16 Daughtry's Addition to the town of Arcadia. Judgment for defendants below, and writ of error by plaintiff. The case is here on abstracts of the record under the rule in force when the writ of error was sued out, and there is no exception to the abstract.

It was admitted on the trial that plaintiff below was the owner of the legal title to the property except as he may have been divested by tax title held by defendant Jones. By admission Wise was a tenant of Jones. The defendants introduced a tax deed to Jones dated September 21st, 1900, based on Certificate No. 2058 which the abstract states was "in due form." This deed was objected to because the property in question was not therein described with sufficient particularity, it not stating the county or State in which it is located, and because it was immaterial and irrelevant. This objection was overruled, and this ruling is assigned as error. No copy of the tax deed is set out in the abstract, though it is stated to be "in due form." To be "in due form" it must have followed the form laid down in the statutes, and from an examina-,

Williams v. Jones and Wise—Opinion of Court.

tion of the forms we do not see how it could happen that the tax deed did not somewhere identify the county and State. This kind of an abstract does not conform to the letter or spirit of our rules providing for abstracts and bills of exceptions. It is necessary for an abstract to contain "sufficient statement of the evidence to show the propriety or impropriety of the rulings complained of, or to show that the matters complained of are true, otherwise this court is not justified in saying the court below erred." Silver Springs O. & G. R. Co. v. VanNess, 45 Fla. 559, 34 South. Rep. 884. To enable us to understand the ruling of the court made upon a tax deed admitted to be "in due form" the deed should have been copied in the abstract of the record. The same deficiency in the abstract is shown as to all the other assignments of error. We cannot from the meagerness of the facts stated determine affirmatively that the judge below erred. The presumption is that he ruled correctly, and this presumption prevails until the contrary is made affirmatively to appear. It is, therefore, considered that the judgment appealed from be and the same is hereby affirmed.

TAYLOR, HOCKER and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL, and WHITFIELD, JJ., concur in the opinion.